UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE BRUCE BORJESSON,<br><br>　　　　　　　　　Appellant | CASE NO. 19-0413MJP<br><br>ORDER DENYING MOTION FOR STAY |

THIS MATTER comes before the Court on Appellant's Emergency Motion for a Temporary Restraining Order or Stay. (Dkt. No. 2.) Having reviewed the Motion, the Response (Dkt. No. 5), and the related record, the Court DENIES the Motion.

**Background**

Appellant Bruce Borjesson seeks from this Court an emergency stay of the short sale of his residence pending appeal of the outcome of his bankruptcy proceeding, U.S. Bankruptcy Court for the Western District of Washington, Case No. 15-16110CMA. (See Dkt. No. 2.)

By orders dated March 15, 2019, Bankruptcy Court Judge Christopher M. Alston approved the short sale of Mr. Borjesson's residence located at 9519 Fourth Avenue NW, Seattle, WA 98117 ("Parcel A") (the "Sale Order") and directed Mr. Borjesson to surrender and

vacate the parcel (the "Surrender Order"). (Dkt. No. 1 at 30-35.) The record indicates that on March 20, 2019, Mr. Borjesson filed a direct appeal of the Sale Order.[1] (Id. at 36; see also Dkt. No. 6, Ex. 11.) On March 21, 2019, Mr. Borjesson supplemented his appeal to include the entire proceeding, "especially the recent Order on Motion to Surrender, and Order allowing Motion to Complete Short Sale." (Id. at 38.)

On March 22, 2019, Mr. Borjesson filed an Emergency Motion for a Temporary Restraining Order or Stay. (Dkt. No. 2.) The request seeks to stay both the Sale Order and the Surrender Order. (Id.) The Chapter 7 Trustee, Edmund J. Wood ("Trustee") opposes the request. (Dkt. No. 5.)

**Discussion**

A request for a stay pending appeal of a Bankruptcy Court order or judgment is governed by Rule 8007 of the Federal Rules of Bankruptcy Procedure. Among other things, Rule 8007(a)(1) provides that a party seeking "a stay of a judgment, order, or decree of the bankruptcy court pending appeal" or "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending" ordinarily must be made in the Bankruptcy Court in the first instance. If the party instead files the motion in the court where the appeal is pending, the motion must "show that moving first in the bankruptcy court would be impracticable." Fed. R. Bankr. P. 8007(b)(2). In addition, the motion must include "the reasons for granting the relief requested and the facts relied upon," "affidavits or other sworn statements supporting facts

---

[1] While the appeal was transmitted to this Court, the Court notes that Mr. Borjesson completed Ninth Circuit Form 5 (Notice of Appeal from a Judgment or Order of the Bankruptcy Appellate Panel). There is otherwise no indication that he intended to appeal his case to the District Court, as opposed to the Bankruptcy Appellate Panel. (See Dkt. No. 1 at 36-39.) Nevertheless, because Mr. Borjesson has filed his request for a stay in this Court, the Court will assume that he intended to do so, such that it has jurisdiction to hear his appeal.

subject to dispute," and "relevant parts of the record." Fed. R. Bankr. P. 8007(b)(3). A stay pending appeal "is not a matter of right," but is instead "an exercise of judicial discretion' . . . that is dependent upon the circumstances of the particular case." Lair v. Bullock, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting Nken v. Holder, 556 U.S. 418, 433 (2009)). Judicial discretion in exercising a stay is to be guided by the following analysis: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id.; see also DSB Credit Funding LLC v. Silicon Labs., Inc., 2016 WL 6893882, at *6 (N.D. Cal. Nov. 23, 2016) ("Appellants seeking a discretionary stay under Rule 8007 must meet the terms of a test virtually identical to that for a preliminary injunction.") (citation omitted). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of the Court's discretion. Lair, 697 at 1203. "The first two factors are the most critical, but a failure on any one factor requires the court to deny the application for a stay." In re Swartout, 554 B.R. 474, 476 (Bankr. E.D. Cal. 2016).

As an initial matter, the Court notes that Mr. Borjesson did not seek a stay in the Bankruptcy Court, and did not adequately explain why doing so would be impracticable. "If the party improperly bypasses the bankruptcy court and seeks a stay from the district court, the district court lacks the jurisdiction to hear the matter." In re BGI, Inc., 504 B.R. 754, 761 (S.D.N.Y. 2014); see also In re Rivera, 2015 WL 6847973, at *2 (N.D. Cal. Nov. 9, 2015) ("A failure to seek emergency relief in the bankruptcy court is a critical defect and not often overlooked."). Accordingly, "district courts routinely dismiss motions for a stay pending appeal when relief is not first requested from the bankruptcy judge and the failure to do so is not

adequately explained." In re Anderson, 560 B.R. 84, 90 (S.D.N.Y. 2016); see also In re Alexander, 248 B.R. 478, 484 (S.D.N.Y. 2000) ("District courts and bankruptcy appellate panels have regularly dismissed appeals for unexplained failure to apply first to the bankruptcy court.").

Mr. Borjesson's failure to explain why he did not move for a stay in the Bankruptcy Court alone provides a basis for denial. Nevertheless, even considering the merits of his motion, the Court finds that Mr. Borjesson has not satisfied his burden of showing that the circumstances justify a stay:

**(1) Likelihood of Success on the Merits**

While Mr. Borjesson indicates that "there are various and numerous legal and legitimate shortcomings causing the definite and irreparable harm," he does not identify any factual or legal basis on which the Court could determine that he is likely to succeed on his appeal.[2] The Court finds that this factor does not support entry of a stay.

**(2) Irreparable Harm**

Mr. Borjesson indicates that, if the Sale Order and Surrender Order are approved, he will lose title to and be forced to vacate his residence. However, the record indicates that Mr. Borjesson has lived in his residence without paying his mortgage for more than ten years and has no cognizable legal interest in the property. (See Dkt. No. 6, Ex. 2.) If the short sale closes due to the absence of a stay, it is undisputed that Mr. Borjesson will lose Parcel A. However, even were this Court to stay the Sale Order, it appears inevitable that Wilmington Savings Fund Society, FSB ("Wilmington") will foreclose upon Parcel A, such that the outcome will be the

---

[2] Because Mr. Borjesson is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003).

same whether or not the short sale occurs.  (Id.)  The Court finds that this factor does not support entry of a stay.

**(3) Balance of Hardships and Public Interest**

With respect to the balance of hardships, the Trustee, a fiduciary of the creditors of Mr. Borjesson's bankruptcy estate, indicates that (1) Wilmington has agreed not to foreclose on Parcel A so long as the short sale is closed by April 4, 2019 and (2) the proposed short sale will provide a distribution of approximately nine percent to unsecured creditors.  (Dkt. No. 6, Exs. 8, 10.)  On the other hand, if the short sale is not completed and Parcel A is foreclosed upon, the unsecured creditors will receive nothing.  (Dkt. No. 5.)  In either event, Mr. Borjesson will be required to vacate and surrender the property.  With respect to the public interest, the Court notes there is a strong public interest in the swift and efficient resolution of bankruptcy proceedings.  See In re Savage & Assocs., P.C., 2005 WL 488643, at *2 (S.D.N.Y. Feb. 28, 2005) ("[T]he public interest favors the expedient administration of the bankruptcy proceedings . . .").  A stay of the Bankruptcy Court's Sale Order and Surrender Order will only prolong these proceedings, which have been ongoing since October 2015.  The Court finds that these factors do not support entry of a stay.

**Conclusion**

Because Mr. Borjesson has failed to establish grounds for a stay pending appeal under Rule 8007, the Court DENIES the motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 25, 2019.

Marsha J. Pechman
United States District Judge